# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS LYNN LOPEZ,<br><br>        Petitioner,<br><br>  v.<br><br>P. L. VASQUEZ, Warden,<br><br>        Respondent. | 1:10-cv-00345-LJO-JLT HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR VIOLATING 28 U.S.C. § 2244(d)(1) (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on November 21, 2009.[1] (Doc. 1). The petition challenges Petitioner's conviction in the Kern County

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on November 21, 2009. (Doc. 1, p. 8).

1

Superior Court on January 7, 1998, for being a felon in possession of a firearm plus two, one-year enhancements pursuant to California Penal Code § 667.5(b), and his resulting indeterminate sentence of twenty-five years to life. (Doc. 1, p. 1).[2] After a preliminary review of the Petition indicated that the petition may be untimely and should therefore be dismissed, the Court, on April 8, 2010, issued an Order to Show Cause why the petition should not be dismissed as untimely. (Doc. 6). The Order to Show Cause gave Petitioner thirty days within which to respond. (Id.). On June 3, 2010, after obtaining an extension of time from the Court, Petitioner filed his response to the Order to Show Cause. (Doc. 9).

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing the Order to Show Cause on April 8, 2010, the Court provided Petitioner with the notice and opportunity

---

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). In this instance, the Court takes judicial notice of its own files in case no. 1:05-cv-01436-OWW-YNP, a federal petition filed by Petitioner in this Court on November 15, 2005, challenging the same 1998 conviction on, inter alia, the same grounds raised in this petition, i.e., the illegal search and seizure of evidence. That previous petition was dismissed by this Court as untimely under the AEDPA on March 10, 2008. Thereafter, Petitioner appealed to the Ninth Circuit, which, on December 11, 2008, denied Petitioner's request for issuance of a certificate of appealability and dismissed the appeal. The dates and other information about Petitioner's conviction, his direct appeal, and subsequent state court habeas petitions are taken from the documents on file in that case.

1 to respond required by the Ninth Circuit.

2        B.  <u>Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

3        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on November 21, 2009, and thus, it is subject to the provisions of the AEDPA.

         The AEDPA imposes a oneyear period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

         In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  28 U.S.C. § 2244(d)(1)(a).  Here, the California Court of Appeal affirmed Petitioner's conviction on August 27, 1999.  Petitioner thereafter filed a petition for review that was denied by the California Supreme Court on November 17, 1999.  Thus, direct review would have concluded on February 15, 2000, when the ninety-day period for seeking review in the United States

3

1  Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d
2  1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Then, Petitioner
3  would have one year from the following day, February 16, 2000, or until February 15, 2001, absent
4  applicable tolling, within which to file his federal petition for writ of habeas corpus.  As mentioned,
5  the instant petition was not filed until November 21, 2009, over eight years after the one-year period
6  had expired.  Thus, unless Petitioner is entitled to statutory or equitable tolling, or unless Petitioner
7  can credibly maintain that another starting date for the one-year period applies, the petition is
8  untimely and must be dismissed.

9  　　　In this regard, Petitioner appears to believe that, because he is once again challenging as
10 illegal the search and seizure of evidence used in his conviction, but now basing that claim upon the
11 United States Supreme Court's decision in Arizona v. Gant, 556 U.S. ___, 129 S.Ct. 1710 (2009),[3]
12 that a later date for the commencement of the one-year limitation period is in order.  Petitioner is
13 mistaken.

14 　　　As indicated above, the one-year limitation period commences on the latest of one of the four
15 dates set forth in § 2244(d)(1).  Normally, as discussed above, that date would be the date the
16 petitioner's conviction became final.  § 2244(d)(1)(A).  However, the statute of limitations may also
17 commence upon the removal of an "impediment to filing an application created by State action in
18 violation of the Constitution or laws of the United States."  § 2244(d)(1)(B).  The record does not
19 suggest, and Petitioner does not contend, that any such impediment ever existed or that it was
20 subsequently removed.  Accordingly, that provision is inapplicable.

21 　　　Nor does § 2244(d)(1)(D) provide a later accrual date for the commencement of the statute of
22 limitations.  Under § 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence
23 could discover) the important facts, not when the prisoner recognizes their legal significance."
24 Hasan v. Galaza, 254 F.3d 1150, 1154, n. 3 (9th Cir. 2001); see United States v. Pollard, 416 F.3d 48,
25 55 (D.D.C. 2005)(habeas petitioner's alleged "ignorance of the law until an illuminating

---

[3] Gant overruled New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860 (1981), and reaffirmed Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034 (1969), in holding that law enforcement officers may search the passenger compartment of a vehicle incident to a recent occupant's arrest only if it is reasonable to believe that the arrestee might access the vehicle at the time of the search or that the vehicle contains evidence of the offense giving rise to the arrest.

4

conversation with an attorney or fellow prisoner" does not satisfy the requirements of section 2244(d)(1)(D)).  Here, Petitioner plainly knew no later than the date of his conviction on January 7, 1998, the "important fact[s]" on which he bases his claim, i.e., that evidence used in his 1998 conviction was illegally obtained.[4]  The running of the statute of limitations does not await illuminating advice, legal research, or the issuance of judicial decisions that help would-be petitioners to recognize the legal significance of particular predicate facts.  See id.

Finally, § 2244(d)(1)(C) provides that the one-year period may commence from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review...."  Presumably, Petitioner implicitly contends that this date applies by virtue of the Supreme Court's April 21, 2009 decision in Gant that appears to re-define the scope of a passenger compartment search incident to a lawful arrest.

Section 2244(d)(1)(C), however, is inapplicable to Gant because the United States Supreme Court has not held that Gant constitutes both (1)  a new rule[5], and (2) a rule retroactively applicable to cases on collateral review.  The Gant decision itself did not state that it was articulating a "new rule," and indeed such a conclusion seems unlikely given that the Court reasserted the long-established Chimel rationale in deciding the case.  Similarly, the Court has been unable to find any United States Supreme Court decision[6] holding that Gant should be retroactively applied on collateral review.  See United States v. Brown, 2009 WL 1605634 at *2 (D.S.C. June 5, 2009)("The United States Supreme Court has not made Gant retroactive to cases on collateral review.")[7]

---

[4]Petitioner relied upon this as a basis for direct appeal immediately after his conviction in 1998. (Doc. 1 at 2)

[5]On a different note, Petitioner admits that the evidence was discovered during an inventory search of his vehicle when it was impounded after he was cited for driving without a license. (Doc. 1 at 4; Doc. 9 at 1-2) Because the legality of such a search is well-established (South Dakota v. Opperman, 428 U.S. 364, 372 (1976); United States v. McCartney, 550 F. Supp. 2d 1215, 1225 (E.D. Cal. 2008) [Search incident to a impound is not a violation of the Constitution]), the Court cannot conclude that even if Gant, in fact, announced a new rule, that Gant's rationale would apply to the facts plead here.

[6]"[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663, 121 S.Ct. 2478 (2001).

[7]In his response to the Order to Show Cause, Petitioner argues again that Gant is "retroactive[ly] applicable." (Doc. 9, p. 1).  However, Petitioner provides no legal authority for this assertion. Petitioner also contends that Gant constitutes "newly discovered evidence" (Id. at p. 2).  Again, Petitioner is mistaken.  Section 2244(d)(1)(D) is the starting point for

5

1    Accordingly, the commencement of the statute of limitations here is governed by the "usual" starting date contained in subsection (A). As discussed above, using subsection (A) as the starting date for the one-year period inexorably leads to a conclusion that the instant petition was filed over eight years *after* the one-year period expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling sufficient to account for the five-year delay, the petition is untimely and must be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a

---

"newly discovered evidence." Gant, however, is not "evidence" within the meaning of § 2244(d)(1); it is a United States Supreme Court decision. Accordingly, it is covered by § 2244(d)(1)(C). As discussed above, that subsection does not apply here since Gant has not been made retroactive to cases on collateral review. Therefore, contrary to Petitioner's contentions in his response to the Order to Show Cause, § 2244(d)(1)(A) is the appropriate starting point for the AEDPA's one-year limitation period.

6

1  federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120
2  (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16,
3  2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already
4  run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)
5  ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the
6  state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner
7  is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See
8  Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

9  　　　　Here, a review of the Court's own records in case number 1:05-cv-01436-OWW-YNP
10 indicates that Petitioner filed the following state habeas petitions:  (1) filed in the Kern County
11 Superior Court on December 31, 2000 and denied on January 2, 2001; (2) filed in the Kern County
12 Superior Court on June 6, 2002 and denied on June 21, 2002; (3) filed in the Kern County Superior
13 Court on March 15, 2004 and denied on April 5, 2004; (4) filed in the California Court of Appeal on
14 April 15, 2004 and denied on April 22, 2004; (5) filed in the California Supreme Court on June 25,
15 2004 and denied on May 11, 2005; and (6) filed on June 10, 2009 in the California Supreme Court
16 and denied on October 22, 2009.

17 　　　　Following this Court's prior analysis of this same issue in case number 1:05-cv-01436-
18 OWW-YNP, the one-year period would have commenced to run on February 16, 2000 and would
19 have run until Petitioner filed his first state habeas petition on December 13, 2000.  At that point,
20 302 days of the 365-day period had already expired.  Assuming, for argument's sake, that this first
21 petition was "properly filed" within the meaning of the AEDPA, the statute of limitation was tolled
22 during the pendency of that petition.

23 　　　　After the first petition was denied on January 2, 2001, the one-year period started again the
24 following day, on January 3, 2001, unless Petitioner was entitled to "interval" tolling between the
25 denial of the first petition and the filing of the second state petition.  The Court finds, as it did in the
26 previous federal petition, that Petitioner is not entitled to statutory interval tolling because the second
27 and third petitions were filed in the same state court, i.e., the Kern County Superior Court, not in a
28 progressively higher state court.

Statutory tolling is inapplicable to periods between successive petitions, such as Petitioner's second and third state petitions in the Kern Court Superior Court, that do not form part of a progressive series from the Superior Court, to the Court of Appeal, to the California Supreme Court. See Dils v. Small, 260 F.3d 984 (9th Circ. 2001)(statute of limitation not tolled during interval between successive state habeas petitions filed to the state's highest court); see also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level."); Saffold v. Newland, 250 F.3d 1262 (9th Circ. 2000).

The reason for this rule is that no interval tolling is accrued between separate "rounds" of state habeas petitions, Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme Court denied review); see also Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002)(no tolling during gap between first set of state petitions and second), and the Ninth Circuit has held that a petitioner begins a separate round of review "each time [he] files a new habeas petition at the same or a lower level" of the state court system. Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003). Thus, by filing his second and third petitions in the same state court as the first petition, Petitioner started new "rounds" of habeas litigation and is not entitled to interval tolling between those rounds.

Therefore, the one-year period re-commenced on January 3, 2001, and continued to run unabated and until it expired 63 days later on March 10, 2001. Thus, unless Petitioner is entitled to equitable tolling sufficient to account for the eight year delay in filing, the petition is untimely.

D.  Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. Holland v. Florida, __ S.Ct. __, 2010 WL 2346549 *9 (U.S.S.C. June 14, 2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997) The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim,

equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005).  "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim.  Thus, the petition is untimely and should be dismissed.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) court days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 24, 2010**                                             /s/ Jennifer L. Thurston
                                                                                       UNITED STATES MAGISTRATE JUDGE